**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**JOSIAS NAHUN ZALDIVAR MONTES #A201-912-047** — **CASE NO. 3:26-CV-03075 SEC P**

**VERSUS** — **JUDGE TERRY A. DOUGHTY**

**WARDEN JACKSON PARISH CORRECTIONAL CENTER ET AL** — **MAGISTRATE JUDGE PEREZ-MONTES**

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for a Stay of Removal and Order Enjoining Transfer of Petitioner [Doc. No. 2] filed by *pro se* Petitioner, Josias Nahun Zaldivar Montes ("Petitioner").

For the following reasons, Petitioner's Motion is **DENIED**.

## I. Background

Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition")[1] challenging his continued, arbitrary, and unconstitutional civil detention by the United States Immigration and Customs Enforcement ("ICE") at the Jackson Parish Correctional Center.[2] On June 29, 2026, Petitioner was traveling through Duluth, Georgia.[3] His vehicle was intercepted and surrounded by ICE agents.[4] This tactical deployment was not aimed at Petitioner.[5] The agents were executing an order focused on the capture of an individual named Cornelio Arrieta Blanco.[6] Petitioner, however,

---

[1] [Doc. No. 1].
[2] [Doc. No. 1-2, p. 1].
[3] [Id.].
[4] [Id.].
[5] [Id.].
[6] [Id.].

was intercepted due to alleged racial profiling during the stop.[7] Despite verifying Petitioner's identity, ICE agents arrested him anyway.[8] Petitioner alleges that he possessed a valid unexpired Employment Authorization Document and was gainfully employed.[9]

Petitioner filed this Motion, seeking to enjoin Respondents from (1) removing Petitioner from the United States, (2) transferring him out of the Western District of Louisiana, or (3) transferring him from Jackson Parish Correctional Center while his action is pending.[10]

The matter is ripe for ruling.

## II. Law and Analysis

At the outset, the Court notes that the pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). In any event, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). With those principles in mind, the Court turns to the merits of Petitioner's request.

---

[7] [Id.].
[8] [Id.].
[9] [Id.].
[10] [Doc. No. 2, p. 2].

To the extent Petitioner's Motion asks the Court to enjoin Respondents from transferring him, it fails because the Court is not stripped of jurisdiction over Petitioner's Habeas Petition[11] if Petitioner is transferred to a detention facility in another federal court's territorial jurisdiction while this case is active. The Fifth Circuit holds that a transfer to another district does not affect a district court's personal jurisdiction over a petitioner's habeas petition because "[j]urisdiction attache[s] on [the] initial filing for habeas corpus relief." *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

Next, to the extent Petitioner's Motion seeks to enjoin Respondents from removing him during these proceedings, the argument fails under statutory authority. First, the habeas statute requires that a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States" to obtain relief. 28 U.S.C. § 2241(c)(3). If a petitioner challenging the constitutionality of detention solely is removed, she is no longer "in custody," rendering the habeas petition moot. *Id.*; *cf. Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). Second, § 1252(g) of the Immigration and Nationality Act ("INA") explicitly provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). If Petitioner is removed pursuant to an executed order of removal, this Court lacks jurisdiction to review that executive action in a habeas proceeding.

[11] [Doc. No. 1].

## III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion for Emergency Motion for a Stay of Removal and Order enjoining Transfer of Petitioner [Doc. No. 2] is **DENIED**.

MONROE, LOUISIANA, this 18th day of August 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE